UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NORMAN MOODY,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-224

Magistrate Judge Michael J. Newman
(Consent Case)

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

    This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 5. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court upon Plaintiff's Statement of Errors (doc. 14), the Commissioner's memorandum in opposition (doc. 17), Plaintiff's reply memorandum (doc. 18), the administrative record (docs. 7, 13),[2] and the record as a whole.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

**A.    Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of May 2, 2007.  PageID 363-72.  Plaintiff claims disability as a result of a number of impairments including, *inter alia*, chronic neck and back pain, a right hand deformity, sleep apnea, hypertension, obesity, and depression.  PageID 49.

After initial denial of his applications, Plaintiff received hearings before ALJ Thomas McNichols on October 4, 2010 and March 3, 2011.  PageID 281, 540.  The ALJ issued a written decision on March 8, 2011 finding Plaintiff not disabled.  PageID 152-72.  The Appeals Council subsequently reversed the ALJ's non-disability finding and remanded the case to the ALJ for further proceedings.  PageID 108-83.

Plaintiff received a third hearing before the ALJ on September 12, 2012.  PageID 76.  The ALJ issued a written decision on that same date, again finding Plaintiff not disabled.  PageID 44-64.  Specifically, the ALJ's findings in the second decision were as follows:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2.  The claimant has not engaged in substantial gainful activity since May 2, 2007, the alleged disability onset date. (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)

3.  The claimant has the following severe impairments: chronic low back pain and neck pain secondary to arthralgias; right hand deformity; effort-related shortness of breath with sleep apnea; hypertension; obesity; and depression (no counseling). (20 CFR 404.1520(c) and 20 CFR 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work[3] as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: no kneeling, crouching, crawling, or climbing of ladders, ropes, or scaffolds; occasional use of foot controls, climbing of stairs, and stooping; frequent fingering (fine manipulations) with the right hand; no exposure to hazards, temperature extremes, or humidity; low stress jobs (defined as no production quotas and no over-the-shoulder supervision); and no direct dealing with the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1971, and was 36 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering his age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 2, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 64-73.

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

Thereafter, the Appeals Council denied Plaintiff's request for review of the second non-disability finding (issued September 12, 2012), making that non-disability finding the final administrative decision of the Commissioner. PageID 38-42. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal"). Only the ALJ's second non-disability decision is at issue in this appeal.

**B. Evidence of Record**

The ALJ set forth detailed recitations of the underlying medical evidence in this case. PageID 47-64, 155-72. Plaintiff, in his Statement of Errors, also sets forth a detailed summary of the record evidence. Doc. 14 at PageID 928-36. The Commissioner presents no specific objection to Plaintiff's summary and defers to the ALJ's recitation of the relevant medical evidence. Doc. 17 at PageID 956. Except as otherwise noted in this Decision and Entry, the Court incorporates Plaintiff's summary and the ALJ's recitation of the evidence.

## II.

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if

substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.    Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in: (1) weighing medical source opinions; (2) making unsupported findings concerning his hand impairments; (3) assessing his credibility; and (4) finding he can perform light exertional work. Doc. 14 at PageID 936-37. Finding that the ALJ erred in weighing medical source opinions, the Court need not address Plaintiff's remaining alleged errors.

Plaintiff argues that the ALJ erred in relying on the opinions of record-reviewers Anton Freihofner, M.D., Teresita Cruz, M.D., and Cindi Hall[4] to the exclusion of treating physician Rajindra Bhat, M.D. and examining physician Damon Danopulos, M.D. Doc. 14 at PageID 937-43. In weighing medical source opinions, "the Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians like Dr. Bhat top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the

---

[4] It is not clear from the record whether Cindi Hall is a medical source, *i.e.*, a medical doctor, or an "other source" as that term is defined in 20 C.F.R. § 404.1513(d).

opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).

Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still

7

determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406.

Here, on April 6, 2008, Dr. Freihofner found Plaintiff able to perform medium exertion work, *i.e.*, capable of lifting 50 pounds occasionally and 25 pounds frequently; and able to stand, walk and sit for 6 hours per workday. PageID 769-76. On July 7, 2008,[5] Dr. Cruz offered the same opinion as Dr. Freihofner. PageID 787-94. Cindi Hall -- whose medical credentials do not appear in the record, *see supra* note 4 -- offered an opinion similar to Drs. Freihofner and Dr. Cruz on June 8, 2008. PageID 706-13. Notably, all of these opinions were rendered before a significant portion of Plaintiff's treatment at issue in this disability appeal including, as noted in Plaintiff's Statement of Errors, numerous objective tests. *See* doc. 14 at PageID 931-32. On September 11, 2008, imaging ordered by treating physician Dr. Bhat revealed mild facet arthritis bilaterally at L5-S1, as well as mild osteoarthritis of the bilateral knees. PageID 798-99. Imaging in February 2010 showed evidence of, among other things, "left C5-C8 radiculopathy with associated left carpal tunnel syndrome." PageID 805. A left knee MRI on March 5, 2010 also revealed abnormal findings. PageID 842.

The opinions of the record-reviewers also predate the opinions of the only medical sources who physically examined Plaintiff. On March 18, 2009[6] -- approximately eight months

---

[5] In the memorandum in opposition to Plaintiff's Statement of Errors, the Commissioner erroneously states that Dr. Cruz's report is dated in July 2009. *See* doc. 17 at PageID 960. The Court assumes this error is a mere typographical error.

[6] In the memorandum in opposition, the Commissioner states that Dr. Bhat's report in this regard is dated March 2008. *See* doc. 17 at PageID 962. However, a review of Dr. Bhat's report appears to indicate it was written in March 2009, as indicated by the date written on the top of the first page of the report, the date stamp at the bottom of the first page, the date next to Dr. Bhat's signature (which the Court does note is difficult to read), and the date stamp at the bottom of the second page. *See* PageID 803-04. The Court assumes the Commissioner's error in this regard was not intentional.

after the latest record-reviewer's opinion -- Dr. Bhat opined that Plaintiff: could stand and walk for a total of two hours per workday (a half hour at a time); sit for four hours per workday (a half hour at a time); lift no more than ten pounds; and was markedly limited in pushing and pulling. PageID 804.  On April 2, 2010 -- *i.e.*, almost two years after the latest record-reviewer's opinion -- Dr. Bhat opined that Plaintiff could stand for a total of 2 hours per day (for 30 minutes at a time); sit for 4 hours per workday (for 30 minutes at a time); and lift no more than 5 pounds. PageID 806.

Dr. Danopulos examined Plaintiff on November 11, 2010 -- *i.e.*, over two years after the latest record-reviewer's opinion -- and found that, among other limitations, Plaintiff could frequently carry and lift up to 10 pounds; occasionally carry and lift up to 20 pounds; sit for a total of 7 hours per workday (for 1 hour at a time); stand for 1 hour per workday (for 10 minutes at a time); and walk 30 minutes per workday (for 5 minutes at a time). PageID 855-56.  A vocational expert ("VE") testified that an individual limited to the extent opined by Dr. Danopulos would be unemployable.  PageID 110-12.

In reviewing the arguments presented by the parties, the undersigned agrees with Plaintiff that the ALJ erred in relying on the opinions of non-examining sources who did not review the complete record, including numerous objective imaging findings.  The only way the ALJ could conclude that such objective evidence undermines the opinions of Drs. Bhat and Danopulos was for him to interpret this raw medical data himself -- a task ALJs are not entitled to perform.  *See Mabra v. Comm'r of Soc. Sec.*, No. 2:11-CV-00407, 2012 WL 3600127, at *3 (S.D. Ohio Aug. 21, 2012).  "[T]he Court cannot ignore that the ALJ offered [his] own lay interpretation of the medical evidence in the face of more severe opinions from Plaintiff's treating physician[,]" as well as that of an examining physician.  *Id*.

In addition to the foregoing, the Court notes that opinions of non-examining, record reviewing physicians "can be substantial evidence '[i]n appropriate circumstances' to discount the opinion of examining and treating sources[,]" but typically only when the "non-examining doctor . . . had 'access to the entire body of medical evidence.'" *Hale v. Comm'r of Soc. Sec.*, No. 3:13-CV-195, 2014 WL 7176476, at *6 (S.D. Ohio Sept. 26, 2014) (citations omitted). As set forth above, Freihofner, Cruz, and Hall -- upon whom the ALJ relied in determining the RFC -- did not review the entire body of medical evidence, and specifically, the extensive objective imaging findings relied upon by Drs. Bhat and Danopulos.

Accordingly, finding the ALJ's assessment of weight to medical source opinions unsupported by substantial evidence, the non-disability finding is reversed.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, proof of disability is overwhelming and remand would result in the presentation of cumulative evidence and serve no purpose other than delay. Drs. Bhat and Danopulous both gave disabling opinions based upon a review of the evidence. *See* PageID 804, 806, 855-56. Even if greater weight is given to the least limiting of those opinions, *i.e.*, the

opinion of Dr. Danopulos, Plaintiff would be unemployable. *See* PageID 110-11. Accordingly, this case must be remanded for an immediate award of benefits.

## V.

For the foregoing reasons: (1) the ALJ's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** for an immediate award of benefits; and (3) this case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.

Date: February 5, 2016                    *s/ Michael J. Newman*
                                          Michael J. Newman
                                          United States Magistrate Judge